## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF VERMONT

| | | |
|---|---|---|
| STEVEN TENDO, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 2:23-cv-438-wks |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

## ANSWER

The United States of America; United States Department of Homeland Security ("DHS"); Alejandro N. Mayorkas, in his official capacity as Secretary of DHS; United States Immigration and Customs Enforcement ("ICE"); and Patrick J. Lechleitner, in his official capacity as Senior Official Performing the Duties of the Director of ICE (collectively, "Defendants"), by and through their attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, hereby answer Plaintiff's Complaint, on information and belief, as follows:

## INTRODUCTION[1]

1.      Paragraph 1 of the Complaint contains Plaintiff's characterization of his claims and legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations therein.

2.      Paragraph 2 of the Complaint contains Plaintiff's characterization of his claims and legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations therein.

---

[1] For ease of reference, Defendants incorporate herein the headings set forth in Plaintiff's Complaint.  To the extent that such headings can be construed as containing allegations, such allegations are denied unless expressly admitted.

3.     Defendants: deny that any persistent failure of high-level DHS and ICE officials to comply with their own policies and hold individual officers accountable for the alleged abuse of Plaintiff and others contributed to a culture of impunity, violence, and racism among ICE officers; further deny that Plaintiff was mistreated by ICE officers; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.     Paragraph 4 of the Complaint contains Plaintiff's characterization of his claims and legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations therein.

5.     Defendants: admit that Plaintiff is a Ugandan national; admit that Plaintiff requested asylum upon entering the United States; and lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 5 of the Complaint.

6.     Defendants: admit that ICE detained Plaintiff in immigration detention; deny that Plaintiff experienced numerous abuses and medical neglect at the hands of U.S. government officers and agencies; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 6 of the Complaint.

7.     Defendants: deny that ICE's treatment of Plaintiff was part of a practice of abuse and discrimination by ICE; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8.     Defendants: deny that Plaintiff, along with four Cameroonian asylum seekers, filed a complaint with DHS's Office for Civil Rights and Civil Liberties; deny that FOIA litigation revealed that federal officials hold racist attitudes towards Black migrants; and otherwise lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.    Defendants: deny that FOIA litigation has revealed that federal officials hold disturbing or racist attitudes towards Black migrants and treat mass deportations to African countries as a sport; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11.    Defendants: deny that any persistent failure of high-level DHS and ICE officials contributed to a culture of impunity, violence, and racism of individual ICE officers or contributed to any mistreatment of Plaintiff; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.    Paragraph 12 of the Complaint contains Plaintiff's characterization of his claims and legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations therein.

## JURISDICTION AND VENUE

13.    Paragraph 13 of the Complaint contains Plaintiff's characterization of his claims and legal conclusions to which no response in required.  To the extent that a response is required, Defendants deny the allegations therein.

14.    Paragraph 14 of the Complaint contains Plaintiff's characterization of his claims and legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations therein.

15.     Paragraph 15 of the Complaint contains Plaintiff's characterization of his claims and legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations therein.

16.     Defendants: admit that Plaintiff's counsel submitted to DHS, ICE, and the United States Department of Health and Human Services an administrative tort claim, which was dated July 29, 2022; and aver, upon information and belief, that Plaintiff did not mail that claim until August 2, 2022, and the claim was not delivered to ICE until at least August 3, 2022.

17.     Defendants: admit that ICE issued a final denial of Plaintiff's administrative claim on March 29, 2023; and otherwise deny the allegations in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint contains Plaintiff's characterization of his claims and legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit, upon information and belief, that Plaintiff currently resides in Vermont.

19.     Paragraph 19 of the Complaint contains Plaintiff's characterization of his claims and legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit, upon information and belief, that Plaintiff currently resides in Vermont.

20.     Defendants: admit that DHS and ICE officials are responsible for promulgating DHS and ICE guidelines; further admit that DHS and ICE officials had certain oversight responsibilities related to ICE detention facilities; deny that the actions of DHS and ICE officials contributed to Plaintiff enduring any form of abuse; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

## PARTIES

*Plaintiff*

21.    Defendants: admit that in December 2018, Plaintiff presented himself as a Uganda national with a date of birth in 1984; admit that Plaintiff requested asylum upon entering the United States; further admit that Plaintiff was in immigration detention for more than two years; deny that Plaintiff was detained under abusive conditions or endured medical neglect; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

*Defendants*

22.    Paragraph 22 of the Complaint consists of a legal conclusion to which no response is required.

23.    Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants: admit that Alejandro Mayorkas is the Secretary of DHS; and aver that the remaining allegations in Paragraph 24 of the Complaint consist of Plaintiff's characterization of his claims and legal conclusions to which no response is required.

25.    Defendants: admit that ICE is a component agency of DHS, and that ICE is tasked with enforcing immigration laws; further admit that ICE promulgates certain detention standards to be followed in ICE detention facilities.

26.    Defendants: admit that Patrick Lechleitner is the Deputy Director and Senior Official Performing the Duties of the Director at ICE; and aver that the remaining allegations in Paragraph 26 of the Complaint consist of Plaintiff's characterization of his claims and legal conclusions to which no response is required.

## STATEMENT OF FACTS

### I. Background

27.     Defendants: admit that Plaintiff requested asylum upon entering the United States; admit that Plaintiff was detained by ICE between December 21, 2018, and February 10, 2021, primarily at the Port Isabel Service Processing Center ("Port Isabel") in Los Fresnos, Texas; deny that ICE officers subjected Plaintiff to various forms of abuse in detention, including the unlawful use of physical force and restraints and severe medical neglect; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

### A. Mr. Tendo's Arrival in the U.S., Detention, and Medical Conditions

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29.     Defendants admit the allegations in Paragraph 29 of the Complaint.

30.     Defendants: deny that Plaintiff was denied a diet suitable for diabetes; further deny that ICE subjected Plaintiff to medical neglect that caused Plaintiff's diabetes to become uncontrolled; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31.     Defendants: admit that Plaintiff requested a Kosher diet; deny that Plaintiff's request for a Kosher diet was ignored; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.     Defendants: admit that, by April 2020, Plaintiff was diagnosed with a cataract in his right eye; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33.     Defendants: admit that Plaintiff saw an eye specialist in early April 2020, and that he was diagnosed with a cataract; further admit that cataract surgery was scheduled for Plaintiff, and that such surgery was subsequently cancelled; aver that the Harlingen Surgery Center was not operating at that time due to the COVID-19 outbreak; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34.     Defendants: admit that Plaintiff's attorney produced what appears to be a report of a doctor, Lazlo Madras, MD, who reportedly reviewed certain of Plaintiff's medical records; aver that the written report attributed to Dr. Madras speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.     Defendants: admit that ICE required contractors to report COVID-19 cases to the agency; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.     Defendants: deny that individuals in ICE facilities were not provided with soap or hand sanitizer, had to share toilets with dozens of people, and were unable to isolate in overcrowded dormitories; deny that ICE maintained any room in Port Isabel at a freezing cold temperature; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37.     Defendants: deny that Plaintiff was placed in solitary confinement; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38.     Defendants: deny that Plaintiff was placed in solitary confinement; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39.     Defendants: admit that Plaintiff requested release on April 7, 2020, and that such request was denied; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40.     Defendants: admit that Plaintiff's attorney produced a declaration that appears to have been executed by Marsha Griffin, MD, on April 15, 2020; aver that the report attributed to Dr. Griffin speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41.     Defendants: admit that Plaintiff was referred to an outside medical clinic on July 21, 2020, due to abnormal lab results; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43.     Defendants: admit that Plaintiff was scheduled to have cataract surgery on or about September 3, 2020; otherwise deny the allegations in Paragraph 43 of the Complaint.

**B. ICE's Planned Deportation of Mr. Tendo, Unlawful Use of Force, and Unlawful Use of The WRAP Restraint Device**

44.     Defendants: admit that an immigration judge denied Plaintiff's request for asylum, withholding of removal, and protection under the Convention Against Torture on or about June 24, 2019; further admit that the Board of Immigration Appeals denied Plaintiff's appeal on December 12, 2019; further admit that Plaintiff filed a motion to stay removal and reopen on or about December 31, 2019; further admit that Plaintiff's removal was not stayed; and otherwise

lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations in Paragraph 45 of the Complaint.

46.    Defendants: deny that Plaintiff was placed in The WRAP; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47.    Defendants: aver that the 2014 WRAP Application Manual, as referenced in Paragraph 47 of the Complaint, speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations in Paragraph 48 of the Complaint.

49.    Defendants: deny that officers dragged Plaintiff across the room and out of the dorm to an empty room in the Port Isabel facility; further deny that, in that room, officers lied to Plaintiff and told him that he was just being transferred to another detention facility; further deny that officers forced him to provide his fingerprints; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations in Paragraph 52 of the Complaint.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54.    Defendants: deny that Plaintiff was restrained in The WRAP until he arrived at the Alexandria Staging Facility; deny that Plaintiff was pushed into an open shower to wash feces and

urine off his body; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55.    Defendants: deny that Plaintiff was forced to provide his fingerprints; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57.    Defendants: admit that Plaintiff was transferred from the Alexandria Staging Facility to the Florence Staging Facility on September 2, 2020; deny that Plaintiff was placed in The WRAP; deny that Plaintiff was not allowed to eat, drink, take medication, or use the restroom during the flight from Louisiana to Arizona; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58.    Defendants: deny that Plaintiff was placed in The WRAP; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59.    Defendants: admit that Plaintiff was moved from the Florence Staging Facility to the Florence Correctional Center ("FCC") on September 3, 2020, and that he remained at the FCC until September 8, 2020; admit that, although ICE had intended to place Plaintiff on a deportation flight, ICE did not ultimately place Plaintiff on such flight; further admit that Plaintiff was moved to Port Isabel on September 11, 2020; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

C.  **Due to Widespread Protest, ICE Did Not Deport Mr. Tendo on September 3, 2020, But ICE Continued to Detain Him for Nearly Six More Months Despite His Severe Medical Conditions**

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62.     Defendants: aver that the letter from Amnesty International USA to Tony Pham, referenced in Paragraph 62 of the Complaint, speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64.     Defendants: aver that the August 18, 2020 letter to Chad Wolf, as referenced in Paragraph 64 of the Complaint, speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68.     Defendants: admit that ICE did not deport Plaintiff on September 3, 2020, that Plaintiff was able to have cataract surgery on his right eye, and that Plaintiff was released from

detention on February 10, 2021; deny that ICE continued to detain Plaintiff in life-threatening conditions; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69.    Defendants: admit that Plaintiff was released from detention on February 10, 2021; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint.

71.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73.    Defendants: admit that Plaintiff was released from detention February 10, 2021; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

**D.  DHS and ICE Officials Violated Plaintiff's Rights by Disregarding ICE's Policy on the Use of Force and Restraints and the Safe Use Guidelines for The WRAP.**

### i.  The WRAP

75.    Defendants admit the allegation in Paragraph 75 of the Complaint.

76.    Defendants admit the allegation in Paragraph 76 of the Complaint.

77.    Defendants: aver that The WRAP website, as referenced in Paragraph 77 of the Complaint, speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78.    Defendants: aver that the 2014 WRAP Application Manual, as referenced in Paragraph 78 of the Complaint, speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint.

79.    Defendants: aver that the 2020 WRAP Application Manual, as referenced in Paragraph 79 of the Complaint, speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint.

80.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81.    Defendants deny the allegation in Paragraph 81 of the Complaint.

82.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint.

### ii.  Use of Force and Restraints Requirements

83.    Defendants deny the allegation in Paragraph 83 of the Complaint.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint.

85.    Defendants aver that Supreme Court precedent, including *Hope v. Pelzer*, 536 U.S. 730 (2002), speaks for itself.

86.    Defendants admit the allegations in Paragraph 86 of the Complaint.

87.     Defendants: deny that ICE officers placed Plaintiff in The WRAP and did not attempt to secure his willing cooperation; and aver that ICE's policy on the Use of Force and Restraints, as referenced in Paragraph 87 of the Complaint, speaks for itself.

88.     Defendants: deny that ICE officers placed Plaintiff in The WRAP in contravention of ICE's policy on the Use of Force and Restraints; and aver that ICE's policy on the Use of Force and Restraints, as referenced in Paragraph 88 of the Complaint, speaks for itself.

89.     Defendants: deny that ICE officers placed Plaintiff in The WRAP; and aver that ICE's policy on the Use of Force and Restraints, as referenced in Paragraph 89 of the Complaint, speaks for itself.

90.     Defendants aver that ICE's policy on the Use of Force and Restraints, as referenced in Paragraph 90 of the Complaint, speaks for itself.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     Defendants: deny that The WRAP was used on Plaintiff; and aver that ICE's policy on the Use of Force and Restraints, as referenced in Paragraph 93 of the Complaint, speaks for itself.

94.     Defendants: deny that ICE officers applied The WRAP to Plaintiff; and aver that the ICE Air Operations Handbook, referenced in Paragraph 94 of the Complaint, speaks for itself.

95.     Defendants: deny that Plaintiff was placed in The WRAP; and aver that the email referenced in Paragraph 95 of the Complaint speaks for itself.

96.     Defendants: deny that ICE Officers placed Plaintiff in the WRAP, kneeled on his neck, or otherwise used extreme physical force on him; and aver that ICE's policy on the Use of Force and Restraints, as referenced in Paragraph 96 of the Complaint, speaks for itself.

**E.  Defendants DHS and ICE's Pattern of Unnecessary Use of Force**

97.    Defendants deny the allegations in Paragraph 97 of the Complaint.

98.    Defendants: deny that DHS and ICE have historically sought to avoid disclosure of internal investigations of abuse; admit that certain information about such investigations has been made public; aver that the referenced documentary material speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint.

99.    Defendants: lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint; and aver that the document referenced therein speaks for itself.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint.

101.    Defendants: aver that the complaint in *Ibrahim et al. v. Acosta et al*, No. 17-CV-24574, ECF Doc. No. 1 (S.D. Fla. Dec. 18, 2017), referenced in Paragraph 101 of the Complaint, speaks for itself; and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I: ABUSE OF PROCESS
### Under the Federal Tort Claims Act, 28 U.S.C § 1346(b)

105.    Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

106.    Paragraph 106 consists of legal conclusions to which no response is required.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

### COUNT II: NEGLIGENT SUPERVISION
### Under the Federal Tort Claims Act, 28 U.S.C § 1346(b)

110.    Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

111.    Paragraph 111 consists of legal conclusions to which no response is required.

112.    Paragraph 112 consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations therein.

113.    Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

### COUNT III: NEGLIGENCE
### Under the Federal Tort Claims Act, 28 U.S.C § 1346(b)

118.    Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

119.    Paragraph 119 consists of legal conclusions to which no response is required.

120.    Paragraph 120 consists of legal conclusions to which no response is required.

121.    Paragraph 121 consists of legal conclusions to which no response is required.

122.    Defendants deny the allegations in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations in Paragraph 124 of the Complaint.

## COUNT IV: BATTERY
### Under the Federal Tort Claims Act, 28 U.S.C § 1346(b)

125.    Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

126.    Paragraph 126 consists of legal conclusions to which no response is required.

127.    Defendants deny the allegations in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations in Paragraph 129 of the Complaint.

## COUNT V: ASSAULT
### Under the Federal Tort Claims Act, 28 U.S.C § 1346(b)

130.    Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

131.    Paragraph 131 consists of legal conclusions to which no response is required.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the Complaint.

**COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Under the Federal Tort Claims Act, 28 U.S.C § 1346(b)**

135.    Defendants repeat and hereby incorporate by reference their preceding responses to the allegations contained in the preceding paragraphs.

136.    Paragraph 136 consists of legal conclusions to which no response is required.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    Defendants deny the allegations in Paragraph 139 of the Complaint.

**COUNT VII**
**5 U.S.C § 702: Violation of the Administrative Procedure Act and *Accardi* Doctrine**

140.    Paragraph 140 consists of legal conclusions to which no response is required.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Paragraph 143 consists of Plaintiff's characterization of the PBNDS and requires no response.  To the extent that a response is required, Defendants aver that the PBNDS speaks for itself.

144.    Paragraph 144 consists of Plaintiff's characterization of the PBNDS and requires no response.  To the extent that a response is required, Defendants aver that the PBNDS speaks for itself.

145.    Paragraph 145 consists of Plaintiff's characterization of the PBNDS and requires no response.  To the extent that a response is required, Defendants aver that the PBNDS speaks for itself.

146.    Defendants deny the allegations in Paragraph 146 of the Complaint.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted above.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following defenses, and Defendants hereby expressly reserve the right to assert additional defenses as the same may become known in the course of discovery or otherwise:

1.     Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust his administrative remedies.

2.     The Court lacks jurisdiction over Plaintiff's claims to the extent that his claims are predicated on acts or omissions that arise from the decision or action of the United States to execute removal orders.  8 U.S.C. § 1252(g).

3.     Plaintiff's claims are barred to the extent that Plaintiff failed to satisfy any applicable statute of limitations.

4.     The United States, by and through its agents and employees, acted reasonably and with due care and diligence at all times, relevant to the claims asserted in the Complaint.

5.     Plaintiff's claims under the Federal Tort Claims Act ("FTCA") are barred to the extent that his alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States may be liable pursuant to the FTCA.

6.     Plaintiff's FTCA claims are barred to the extent that the allegedly negligent or wrongful acts and omissions complained of by Plaintiff were those of independent contractors and not those of the United States.  28 U.S.C. § 2671.

7.    Plaintiff's FTCA claims are barred to the extent they are based on alleged acts or omissions related to governmental functions for which no private analog exists.  28 U.S.C. § 2674.

8.    Plaintiff's FTCA claims are barred to the extent that they challenge any act or omission of a Government employee exercising due care in the execution of a statute or regulation. 28 U.S.C. § 2680(a).

9.    Plaintiff's FTCA claims are barred to the extent that they are based on the exercise or performance, or the failure to exercise or perform, a discretionary function or duty.  28 U.S.C. § 2680(a).

10.    Plaintiff's FTCA claims are barred to the extent that they are based on alleged damages caused by the imposition or establishment of a quarantine.  28 U.S.C. § 2680(f).

11.    Plaintiff's FTCA claims are barred to the extent that they arise out of an alleged assault, battery, false imprisonment, or abuse of process by a Government employee who was not an investigative or law enforcement officer of the United States Government who was acting within the scope of employment at the time of the alleged conduct.  28 U.S.C. § 2680(h).

12.    Plaintiff's FTCA claims are barred to the extent that Plaintiff asserts such claims against any defendant other than the United States.

13.    Plaintiff's FTCA claims are barred to the extent that the allegedly negligent or otherwise wrongful acts and omissions were beyond the scope of employment of the individual who so acted or failed to act.

14.    In the event that the United States is found to have breached a duty of care owed to Plaintiff, which breach is expressly denied, any recovery against the United States shall be barred to the extent that the intervening conduct of Plaintiff or of some other superseding and intervening

cause broke the causal connection between such breach and any injury sustained by Plaintiff, or if such breach is otherwise not the proximate cause of Plaintiff's injury.

15.    In the event that the United States is found to have acted negligently towards Plaintiff, which negligence is expressly denied, any recovery against the United States shall be barred or reduced to the extent that Plaintiff's own negligence, or that of any other person, contributed to any injury alleged by Plaintiff.

16.    In the event that the United States is found to have acted negligently towards Plaintiff, which negligence is expressly denied, any recovery against the United States shall be barred or reduced to the extent that Plaintiff failed to mitigate his damages.

17.    Plaintiff's recoverable damages under the FTCA, if any, are limited to the amount requested in the administrative tort claim filed by Plaintiff, or on his behalf, in connection with this action.  28 U.S.C. § 2675(b).

18.    In the event that the United States is found to have breached a duty of care owed to Plaintiff, which breach is expressly denied, any recovery against the United States under the FTCA shall be limited to the relief available under applicable federal and state law and shall not include equitable relief, punitive damages, or pre- or post-judgement interest.  28 U.S.C. §§ 1346(b)(1), 2674.

19.    To the extent that Plaintiff seeks to recover costs or attorney's fees, any such award shall be limited to those costs and fees permitted by 28 U.S.C. §§ 2412 and 2678.

20.    In the event that the United States is found liable to Plaintiff, which liability the United States expressly denies, the United States is entitled to a set-off for any and all collateral sources of indemnity available to Plaintiff pursuant to federal and state law.

21.  In the event that the United States is found liable to Plaintiff, which liability the United States expressly denies, any recovery against the United States shall be subject to set-off to the extent that Plaintiff has received any payment from a government source for any of the injuries alleged in the Complaint.

22.  Plaintiff lacks standing under the Administrative Procedures Act ("APA").

23.  Plaintiff has failed to state a claim for which relief can be granted under the APA.

24.  Plaintiff's claims of medical negligence are barred by estoppel and res judicata.

                    *                    *                    *

WHEREFORE the United States respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of the United States; and (3) grant such further relief as the Court deems just and proper.

Dated at Burlington, in the District of Vermont, this 19th day of August, 2024.

                         Respectfully submitted,

                         NIKOLAS P. KEREST
                         United States Attorney

                    By:  *Zachary M. Dayno*
                         ZACHARY M. DAYNO
                         BENJAMIN WEATHERS-LOWIN
                         Assistant United States Attorneys
                         United States Attorney's Office
                         P.O. Box 570
                         Burlington, VT  05402
                         (802) 951-6725
                         Zachary.Dayno@usdoj.gov
                         Ben.Weathers-Lowin@usdoj.gov

                         *Counsel for Defendants*